Chicago—First District—June, 1918.     421

The Ozonized Ox Marrow Co. v. M. L. Barrett & Co., 211 Ill. App. 421.

## The Ozonized Ox Marrow Company, Appellant, v. M. L. Barrett & Company, Appellee.

### Gen. No. 23,616.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. DENNIS W. SULLIVAN, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1917.   Affirmed.   Opinion filed June 14, 1918.   Rehearing denied June 22, 1918.

### Statement of the Case.

Action by The Ozonized Ox Marrow Company, plaintiff, against M. L. Barrett & Company, defendant, to recover the value of a quantity of "washed oil of orange" sold and delivered to defendant.   From a judgment in favor of defendant, plaintiff appeals.

OLAF A. OLSON, for appellant; BULL, LYTTON & OLSON, of counsel.

MUSGRAVE, OPPENHEIM & LEE, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 141*—*necessity that goods conform to representation as well as to sample*. Where goods are sold by sample and representation, the fact that they conform to the sample submitted is not sufficient as they must be in accordance with the representation as well.

2. SALES, § 141*—*when shown that commodity was not "oil of orange" as represented*. Evidence *held* to sustain a finding that a commodity was purchased by sample on representation that it was "oil of orange," but that, although it may have conformed to the sample, it was not "oil of orange" as represented.

3. CUSTOMS AND USAGES, § 26*—*when evidence of custom as to*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*meaning of term "oil of orange" is not inadmissible.* Evidence of a custom in the chemical industry that the term "oil of orange" refers only to a commodity conforming to the formula of the United States Pharmacopœia is not inadmissible on the ground that the vendor, not being in the drug or chemical business, could not be charged with knowledge of the custom, if it existed, where the evidence in behalf of the vendee showed that the vendor agreed to deliver "oil of orange" in conformity with such formula.

----

**Louis Santowsky for use of Bank of Wisconsin, Appellee, v. First National Bank of Chicago and Chicago Metal Refining Company, Intervening Petitioner, Appellants.**

**Gen. No. 23,642.    (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. JOHN A. RICHARDSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed June 14, 1918.

### Statement of the Case.

Garnishment proceedings by Louis Santowsky for use of Bank of Wisconsin against First National Bank of Chicago, garnishee. The Bank of Wisconsin had previously recovered a judgment of upwards of $2,000 against Louis Santowsky upon which execution was issued and returned unsatisfied. Subsequently the First National Bank of Chicago was served as garnishee. Answers to interrogatories revealed that at the time of the service of the garnishee summons there stood to the credit of Santowsky the sum of $941.71, being a balance of a checking account, subject to a prior assignment thereof from said Santowsky to the Chicago Metal Refining Company, which sum the bank had since paid in full to the latter. The Chicago Metal